# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4333-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS A. RODRIGUEZ, a/k/a
FREDDIE, LUIS RODREQUEZ,
LOUIS RODRIGUEZ, FREDDY
RODRIGUEZ, FREDDIE RODRIGUEZ,
FREDDY RODRIQUEZ, FREDED
RODRIQUEZ, LUIS A. RODRIQUEZ,
FREDDIE RORIGUEZ, LUIS A.
RODRIQUEZ, and FREDDIE CHEO,

    Defendant-Appellant.

_____

Submitted September 24, 2019 – Decided October 11, 2019

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 11-01-0124.

Joseph E. Krakora, Public Defender, attorney for appellant (Durrell Wachtler Ciccia, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Carey J. Huff, Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Luis A. Rodriguez appeals from the denial of his petition for post-conviction relief (PCR). After a review of the contentions in light of the record and applicable principles of law, we affirm.

Following a guilty plea to third-degree burglary, N.J.S.A. 2C:18-2, and second-degree sexual assault, N.J.S.A. 2C:14-2(b), defendant was sentenced to an aggregate term of six years in prison subject to a mandatory parole ineligibility period, three years of mandatory supervision, Megan's Law registration, parole supervision for life, and additional conditions.[1] Defendant's appeal of his sentence was heard on a sentencing argument calendar and affirmed. State v. Rodriguez, No. A-1470-13 (App. Div. Feb. 11, 2014).

Defendant filed a PCR petition alleging ineffective assistance of counsel in February 2016. This petition was handwritten in English. An amended petition was filed by counsel in November 2016. In the accompanying

---

[1] At the time of these offenses, defendant was already registered under Megan's Law and subject to parole supervision for life as a result of prior convictions.

2                                                                                    A-4333-17T4

certification, defendant stated he was not informed of the potential for civil commitment at the time of his plea hearing. Although defendant acknowledged he had subsequently learned that he was informed by the judge during the plea proceeding that he could be subject to civil commitment, he stated he was not informed as to the meaning of the penalty.

Defendant further alleged he understood very little English, and therefore he did not understand everything his attorney was telling him as they reviewed the plea forms. Defendant acknowledged there was a Spanish interpreter present at the plea hearing. He also contended he requested his counsel withdraw his guilty plea prior to sentencing but his attorney did not do so, persuading him instead to go forward with the sentencing hearing.

In a thorough written decision of March 2, 2018, Judge Joseph W. Oxley found that, with the exception of the ineffective assistance of counsel claim, defendant's assertions were procedurally barred under Rule 3:22-4(a). The judge determined the majority of the contentions raised by defendant were issues that should have been raised in a direct appeal. In addressing the ineffective assistance of counsel claims, the judge found defendant had failed to establish a prima facie case that would entitle him to an evidentiary hearing. The PCR petition was denied.

On appeal, defendant argues through counsel that the PCR judge erred in denying his request for an evidentiary hearing. He asserts that trial counsel failed to communicate with him in Spanish, his native language, and specifically failed to inform him of the consequences of civil commitment. In a supplemental pro se brief, defendant further argues: his trial counsel was ineffective for failing to discuss exculpatory evidence with him, and commitment under the Sexual Violent Predator Act, N.J.S.A. 30:4-27.24 to -27.38, violates the United States and New Jersey Constitutions.

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test establishing both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

We are satisfied from our review of the record that defendant failed to demonstrate trial counsel was ineffective under the <u>Strickland-Fritz</u> test. After the plea judge noted the interpreter was present and translating, he stated: "I know that [defendant] does speak English. When you went over the plea forms, was the interpreter with you or not?" Counsel responded:

> The interpreter was not. However, I went over them slowly with him. I had known from previous encounters as well as the doctor's reports that he can understand if you take the time to go through it. And I have verbally [gone] over each one as opposed to just giving them to him to read. So I think that it might be wise to go over some of the pertinent facts as we always do here with him and the translator at this point.

The plea judge then inquired of defendant whether he understood English. Defendant responded: "yes." The colloquy continued:

> Q [Judge]. And in fact we've had many conversations in English where I've talked to you directly. Correct?
>
> A. Yes.
>
> Q. Are you a United States citizen?
>
> A. Yes.
>
> Q. Do you read, write and understand the English language?
>
> A. A little.

Q. You understand the spoken language more than written; would that be fair to say?

A. Yes.

Through the translator, the plea judge confirmed with defendant that he was satisfied with the legal advice of counsel, and that he had initialed and signed all of the plea forms. When the judge asked defendant if counsel had reviewed all of the questions on the plea form with him, defendant responded "yes" in English. He also told the judge in English that he understood the questions on the plea forms. The judge reminded defendant to wait for the translation before answering.

Defendant acknowledged signing and initialing next to question seven of the New Jersey Additional Questions for Certain Sexual Offenses, which specifically discusses civil commitment. The judge also reviewed the question with defendant.

Q. Now, question seven talks about civil commitment. Because you are convicted of sexual assault, if it was found that this was a sexually violent offense there could be a recommendation for a civil commitment. However, you would have the right to have a hearing and you would be represented by counsel. Do you understand that?

A. Yes.

Q. Any questions about any of those conditions?

A-4333-17T4

A. No.

Defense counsel and the plea judge both carefully went through the plea and supplemental forms with defendant. The judge used a Spanish interpreter during the court proceedings. Defendant advised he had read the forms, counsel had gone over them with him, and he told the judge he did not have any questions specifically as to the condition of civil commitment.

We are satisfied defendant has not presented a prima facie case of ineffective assistance of counsel to require an evidentiary hearing. He has not shown a deficiency or error by counsel. We also discern no merit to defendant's supplemental argument that he did not understand the questions because he was not proficient in English. As stated, the plea and sentencing hearings were conducted with an interpreter and he advised the judge he understood English.

In turning to defendant's additional arguments raised in his pro se brief, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Defendant fails to state what exculpatory evidence was not discussed with him. Without more, he has not established a prima facie case of ineffective assistance of counsel. His remaining arguments are procedurally barred under Rule 3:22-4 as they should have been pursued on direct appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-4333-17T4